FILED
2006 Aug-31  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **RICARDO HALL, JR.,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| | ) | **2:06-cv-01147-JHH** |
| **vs.** | ) | |
| | ) | |
| **CITY OF BESSEMER; BESSEMER** | ) | |
| **POLICE DEPARTMENT;** | ) | |
| **REGINALD CURRY; JOHN DOE;** | ) | |
| **and NATHANIEL RUTLEDGE, JR.,** | ) | |
|     **Defendants.** | ) | |

## MEMORANDUM OF DECISION

The court has before it the complaint (Doc. #1) of plaintiff containing six

separate counts against one or more of the real defendants named therein.[1]  The

claims in such six counts are a mixture of § 1983 Constitutional claims and a

variety of state law claims.  The real defendants are the City of Bessemer, Police

Officer Curry, and Chief of Police Rutledge,[2] both individuals being sued in their

official and individual capacities.  Count One, a §  1983 claim styled "Fourth

Amendment - Excessive Force," seeks to redress the alleged excessive and

---

[1]  The complaint also includes one count only against fictitious defendant John Doe.

[2]  In addition, the complaint also names the "Bessemer Police Department," an entity not capable of being sued.

unreasonable force unlawfully inflicted by Curry, Rutledge and the City upon plaintiff when Curry was "taking him from his automobile against his will and placing him in the city jail overnight."  Count Two, a § 1983 claim styled "Cruel and Unusual Punishment," is to redress an alleged violation by Curry, Rutledge and the City of plaintiff's Constitutional right to be free from cruel and unusual punishment.  Count Four,[3] a state law claim, styled "Assault and Battery," is to redress the alleged assault and battery of plaintiff by Curry and the City.  Count Five and Count Six, state law claims against Rutledge and the City respectively, styled "Negligence" and "Inadequate Training and Supervision," seek to redress alleged negligent conduct on the part of the named defendants resulting in the arrest and jailing of plaintiff.  Count Seven, containing a mixture of a state law claim and a § 1983 claim, styled "False Arrest and Imprisonment," seeks to redress the alleged false arrest and imprisonment of plaintiff by Curry.

The court has before it the July 10, 2006 motion (Doc. #11) by all real defendants filed pursuant to Fed. R. Civ. P. 12(b) seeking to dismiss all claims stated against them for a variety of reasons.  The court also has before it the August 8, 2006 response (Doc. #15) of plaintiff to the motion and the August 13, 2006 reply of defendants.   The court will limit its consideration of the motion

---

[3]  Count Three is the "John Doe" count.

only to the Rule 12(b)(6) ground that the complaint fails to state a claim upon which relief can be granted because the complaint shows on its face that the relevant two year period of limitations for commencing the action, which period applies to every claim asserted,[4] had expired prior to the filing of the complaint.

The relevant facts, as set forth in the complaint, are set forth in paragraphs 8 and 9 of the complaint.  The two year limitations period for the events occurring June 9, 2004 expired on Friday, June 9, 2006.  The complaint was filed Monday, June 12, 2006, at 4:00 p.m.  The complaint is accompanied by the customary civil cover sheet dated June 12, 2006 signed by counsel for plaintiff.

Normally affirmative defenses are not appropriately raised by a Rule 12(b)(6) motion.  Where, as here, the expiration of the period is clearly shown on the face of the complaint,[5] a statute of limitations defense may be raised on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.  See AVCO Corporation v. Precision Air Parts, Inc., 674 F.2d 494 (11th Cir. 1982); Mann v.Adams Realty Co., 556 F.2d 288 (5th Cir. 1977).  See also Foster v. Savannah Communication, 140 Fed. Appx. 905 (11th Cir. 2005).

---

[4]  The parties and the court agree that the relevant period for the § 1983 claims and all the state law claims is two years.

[5]  There is nothing suggested by the face of the complaint that the period might have been subject to the equitable tolling.

3

Plaintiff does not challenge the motion to dismiss as it addresses the state law claims.  He does, however, argue that the complaint is not due to be dismissed as to the § 1983 claims because the injury complained of "continued through June 10, 2004" since plaintiff "did not know that he was kept without reason until June 10, 2004."   As to this point, page 2 of plaintiff's August 8, 2006 response (Doc. #15) relies upon Shows v. Morgan, 40 F. Supp. 2d 1345 (M.D. Ala. 2004). Some claims, such as the employment claims embraced in Shows, do not accrue until a person knows or has reason to know of the injury that is the basis of the claim.  Another example of such a claim is a claim predicated upon fraud.  But the federal claims and the state law claims asserted in plaintiff's complaint all accrued on June 9, 2004, since plaintiff on June 9, 2004 knew or had reason to know of the injuries that are the basis of those claims.  See Parrish v. City of Opp, Alabama, 898 F. Supp. 839 (MD Ala. 1995) (holding that false arrest and false imprisonment claim under § 1983 accrue on the date plaintiff is arrested).

The motion to dismiss the state law claims and the federal claims will be granted by separate order.   The order will also dismiss the claim against the fictitious defendant.

**DONE** this the   31st   day of August, 2006.

_____

SENIOR UNITED STATES DISTRICT JUDGE